```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


DANIEL WASHINGTON,
        - Plaintiff
  v.                              CIVIL NO. 3:10CV01538(CFD)(TPS)

MICHAEL J. ASTRUE,
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,
        - Defendant
```

### MAGISTRATE JUDGE'S OPINION

The plaintiff, Daniel Washington, brings this appeal under §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision by the Commissioner of the Social Security Administration ("SSA") denying his application for benefits under Title XVI of the Social Security Act, as amended, 42 U.S.C. § 1382c(a)(3)(A).[1] The plaintiff has moved for an order reversing the Commissioner's decision or, in the alternative, for an order remanding his case back to the SSA for further proceedings **(Dkt. #9).** The defendant has moved for an order affirming the decision. **(Dkt. #12).** For the reasons stated below, the plaintiff's motion should be **GRANTED** in part, and **DENIED** in part. It should be **GRANTED** to the extent that it seeks a remand for

---

[1] The plaintiff, through counsel, acknowledged at the hearing before the Administrative Law Judge that he could not prove eligibility for Title II Social Security Disability Insurance Benefits. (Tr. 74; Dkt. #9 at 17, n. 21).

further proceedings. It should be **DENIED** to the extent it seeks an order reversing the decision of the Commissioner. The defendant's motion to affirm should be **DENIED**. 28 U.S.C. § 636(b)(1)(A).

I.   **PROCEDURAL BACKGROUND**

On May 1, 2008, the plaintiff filed applications for a period of disability, Title II Disability Insurance Benefits, and Title XVI Supplemental Security Income, with an alleged onset date of January 1, 2002. (Tr. 137-149, 176). Those applications were denied initially and again upon reconsideration (Tr. 77-93, 260-267). The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on February 19, 2010. (Tr. 94, 40-76). The plaintiff, who was represented by counsel, and a vocational expert appeared and testified at the hearing. (Tr. 40-76).

At the conclusion of the hearing, the ALJ allowed the administrative record to remain open for two weeks for the submission of additional evidence. (Tr. 73-75). In particular, plaintiff's counsel indicated that he was awaiting the return of a residual functional capacity (RFC) statement from the plaintiff's primary care physician. (Tr. 46). The deadline for submitting additional evidence was extended once more by the ALJ, and despite subsequent correspondence between plaintiff's counsel

and the ALJ, plaintiff's counsel did not specifically request another extension of time. On April 27, 2010, without having received the RFC statement from the plaintiff's treating physician, the ALJ issued a decision denying the claim, on the grounds that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform despite his impairments, and thus the plaintiff is "not disabled" within the meaning of the Social Security Act. (Tr. 24-39).

After the Decision Review Board ("the Board") selected the plaintiff's claim for review, plaintiff's counsel submitted the statement from the plaintiff's treating physician, and requested that it be made part of the administrative record. (Tr. 8-9). On July 27, 2010, the Board informed the plaintiff that the additional information did not satisfy the regulatory criteria for consideration as part of the record under 20 C.F.R. §405.373(b) and, therefore, it found no basis for changing the ALJ's decision (Tr. 1-2). The ALJ's decision, as affirmed by the Board, became the final decision of the Commissioner. (Tr. 1).

The plaintiff filed the Complaint in this case on September 28, 2010, and the Motion to Reverse or Remand the Decision of the Commissioner on February 28, 2011. The defendant filed a Motion to Affirm the Decision of the Commissioner on June 9, 2011.

**II. STANDARD OF REVIEW**

In reviewing a final decision of the Commissioner under §§ 405(g) and 1383(c)(3), the district court performs an appellate function. Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981); Igonia v. Califano, 568 F.2d 1383, 1387 (D.C. Cir. 1977). A reviewing court will "set aside the ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." Balsamo v. Chater, , 79 (2d Cir. 1998). See also Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990)("As a general matter, when we review a decision denying benefits under the Act, we must regard the [Commissioner's] factual determinations as conclusive unless they are unsupported by substantial evidence")(citations omitted). "Substantial evidence" is less than a preponderance, but "more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). See Yancey v. Apfel, 145 F.3d 106, 110 (2d Cir. 1998); Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).

In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). See also New York v. Sec'y of Health and

Human Servs., 903 F.2d 122, 126 (2d Cir. 1990)(stating that the court, in assessing whether the evidence which supports the Commissioner's position, is required to "review the record as a whole")(citations omitted). Still, the ALJ need not "reconcile every conflicting shred of medical testimony." Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981). In sum, "the role of the district court is quite limited and substantial deference is to be afforded the Commissioner's decision." Morris v. Barnhardt, 02 Civ. 0377 (AJP), 2002 U.S. Dist. LEXIS 13681, at *12 (S.D.N.Y. July 26, 2002).

The regulations promulgated by the Commissioner establish a five-step analysis for evaluating disability claims. Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner considers if the claimant is presently working in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the Commissioner next considers if the claimant has a medically severe impairment. Id. §§ 404.1520 (a)(4)(ii), 416.920(a)(4)(ii). If the severity requirement is met, the third inquiry is whether the impairment is listed in Appendix 1 of the regulations or is equal to a listed impairment. Id. §§ 404.1520 (a)(4)(iii), 416.920(a)(4)(iii); Pt. 404, Subpt. P. App. 1. If so, the disability is granted. If not, the fourth inquiry is to

determine whether, despite the severe impairment, the claimant's residual functional capacity allows him or her to perform any past work. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If a claimant demonstrates that no past work can be performed, it then becomes incumbent upon the Commissioner to come forward with evidence that substantial gainful alternative employment exists which the claimant has the residual functional capacity to perform. Id. §§ 404.1520(a)(4)(v), 404.1520(a)(4)(v). If the Commissioner fails to come forward with such evidence, the claimant is entitled to disability benefits. Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990); Berry, 675 F.2d at 467.

While the claimant bears the burden of proving the first four steps, the Commissioner must prove the final one. Berry, 675 F.2d at 467. Thus, if the claimant is successful in showing that he is unable to continue his past relevant work, "the [Commissioner] then has the burden of proving that the claimant still retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy. Bapp v. Bowen, 802 F.2d 601, 604 (2d Cir. 1986).

In addition, "[t]he court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause of the failure to

incorporate such evidence into the record in a prior proceeding."
42 U.S.C. § 405(g).

## III. DISCUSSION

### A. The ALJ's Decision

At the first three steps of the sequential evaluation process, the ALJ found that the plaintiff had not engaged in substantial gainful activity since January 1, 2002; that the plaintiff's osteoarthritis of the right knee and obesity were severe impairments[2]; and that the impairments did not meet or equal the criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 30 at Findings 2-4). The ALJ then found that Plaintiff retained the residual functional capacity to perform sedentary[3] work that did not involve climbing, kneeling, or crawling. (Tr. 30 at Finding 5). This determination was based on the ALJ's determination that the plaintiff's statements concerning the intensity, persistence and

---

[2] The plaintiff's medical history with respect to his right knee includes a complex tear of the lateral meniscus, small osteopytes at all three joint compartments, marked osteoarthritis, clinic note findings showing painful and limited range of motion of the right knee associated with limping on ambulation but with intact neurological function, arthroscopic surgery, large knee effusion, abnormal appearance of the posterior horn of the lateral meniscus which may reflect a prior partial meniscectomy, abnormalities of the articulating cartilage, and abnormal lateral tibial plateau with areas of edema. (Tr. 32-33).

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. §§ 404,1567(a), 416.967(a).

-7-

limiting effects of his symptoms were not entirely credible. (Tr. 31). At step four, the ALJ found that the plaintiff could not return to his past relevant work. (Tr. 33 at Finding 6). At step five, after consultation with a vocational expert, the ALJ found that, given the Plaintiff's residual functional capacity, age, education and work experience, he was able to perform certain enumerated jobs that existed in significant numbers in the national economy. (Tr. 33-34 at Findings 7-10). Accordingly, the ALJ determined that the Plaintiff was not disabled. (Tr. 34 at Finding 11).

The plaintiff raises numerous issues in support of his Motion to Reverse or Remand the Commissioner. As discussed above, a reviewing court will "set aside the ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). Thus, the ultimate issue for determination in this case is whether there is substantial evidence in the administrative record to support the decision of the Commissioner that the plaintiff was not disabled under the Social Security Act because he did not have an impairment or combination of impairments that would prevent him from performing alternative work. However, before reaching this dispositive issue, the Court shall first determine whether the Board properly concluded that

the statement from the plaintiff's treating physician with respect to the plaintiff's ability to perform work-related activities, which was submitted to the Board after the ALJ's decision was issued, did not satisfy the regulatory criteria for consideration as part of the administrative record under 20 C.F.R. §§ 405.373(b) and 405.430. See also, 42 U.S.C. § 405(g); Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988)(the Court may remand for the taking of additional evidence upon a showing of new material evidence and good cause for failure to incorporate such evidence into the record in a prior proceeding).

### B. The Board's Decision to Exclude the RFC Statement from the Administrative Record

The Social Security Act contains explicit provisions regarding the consideration of new evidence by the Board after the issuance of a decision by the ALJ. Pursuant to 20 C.F.R. §405.430:

> **Subject to §405.373(b) of this part**, in claims reviewed by the Board, the record is closed as of the date of the administrative law judge's decision, and the Board will base its action on the same evidence that was before the administrative law judge. When it reviews a claim, the Board will consider only that evidence that was in the record before the administrative judge.

(emphasis added). Pursuant to §405.373(b), the Board[4] "will accept the evidence if you show that there is a reasonable probability that the evidence, alone or when considered with the other evidence of record, would change the outcome of the decision, and...[s]ome other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from submitting the evidence earlier." Id. § 405.373. After the Board selected the plaintiff's claim for review, plaintiff's counsel submitted the RFC statement from the plaintiff's treating physician, and requested that it be made part of the administrative record. (Tr. 8-9). On July 27, 2010, the Board informed the plaintiff that the ALJ had allowed more than reasonable time for the submission of new evidence in the case, and the additional information did not satisfy the regulatory criteria for consideration under 20 C.F.R. §405.373(b). Therefore, it found no basis for changing the ALJ's decision (Tr. 1-2).

### i. Reasonable Probability That The Evidence Would Change the Outcome of the Decision

As addressed above, the first hurdle for the plaintiff to overcome in his quest to make his primary care physician's RFC statement part of the record under 20 C.F.R. § 405.373 is a

---

[4] "If the administrative law judge's decision is not our final decision, you must submit your evidence to the Decision Review Board, and the Board will consider it if you make the showings required in [§ 405.373(b)]." 20 C.F.R. § 405.373(d).

showing that "there is a reasonable probability that the evidence, alone or when considered with the other evidence of record, would change the outcome of the decision..." The Court finds that the plaintiff has made the required showing. Most importantly, the RFC statement from Dr. Klufas contradicts the ALJ's conclusion that the plaintiff retained the residual functional capacity to perform work at a sedentary level of exertion as defined by SSR 83-10. At the sedentary level, "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." SSR 83-10. The RFC statement completed by Dr. Klufas indicates that the plaintiff can only sit for 3 or 4 hours per day, and only 2 hours at one time. (Tr. 12). Thus, if granted controlling weight, the RFC statement would change the outcome of the decision.

In addition, when considered with the other evidence of the record, it lends support to the plaintiff's subjective complaints, which were discredited by the ALJ, particularly with respect to his inability to sit throughout an 8 hour workday. As the vocational expert confirmed during the hearing, if the ALJ found the plaintiff's testimony to be credible, there would be no work that the plaintiff could perform. (Tr. 72-73). Dr.

Klufas' RFC statement corroborates this testimony. Moreover, the ALJ alluded to the importance of the RFC statement to the plaintiff's case during the hearing. When plaintiff's counsel requested additional time to produce the statement, the ALJ stated, "I would like to see them, especially the RFC if it's from someone who's actually examined him." (Tr. 74). Thus, the ALJ himself acknowledged the significance of a RFC statement submitted by the plaintiff's treating physician in this case.

Furthermore, in reaching his conclusions that, (a) the plaintiff had the residual functional capacity to perform sedentary work that did not include climbing, kneeling or crawling, and (b) plaintiff's statements concerning the intensity, persistence and limiting effects of his alleged symptoms were not credible to the extent they were inconsistent with the above residual functional capacity assessment, the ALJ noted that he accorded "considerable weight" to the RFC assessment performed by non-treating DDS consultant Maria Lorenzo, M.D. (Tr. 30-33). Dr. Lorenzo's RFC assessment indicated that the plaintiff could not only sit for 6 hours in an 8-hour workday, but that he could also stand and/or walk for 6 hours in an 8-hour workday. (Tr. 261). In addition, Dr. Lorenzo opined that the plaintiff could frequently stoop, crouch and crawl. (Tr. 262). In comparison, the RFC statement later

submitted by Dr. Klufas, the plaintiff's primary care physician, indicated that the plaintiff can only sit for 3 or 4 hours per day, stand and/or walk for 1 or 2 hours per day, and could never stoop, kneel, crouch and crawl. (Tr. 14).

In describing his rationale for according "considerable weight" to Dr. Lorenzo's opinion, the ALJ noted that it was "well-substantiated by the record as a whole and not contradicted by any other significant evidence."[5] (Tr. 33). In the next sentence, however, the ALJ notes that "additional evidence suggests that the claimant is slightly more limited than suggested by Dr. Lorenzo. Consequently, the [residual functional capacity as determined by the ALJ] limits the claimant to sedentary exertional work." (Tr. 33). Thus, the ALJ indicated that, while he accorded considerable weight to Dr. Lorenzo's opinion because it was not contradicted by other significant evidence, he, nevertheless, could not accept Dr. Lorenzo's finding on the severity of the plaintiff's residual functional capacity. The Court finds it reasonable to conclude that, based on the ALJ's own statements, if afforded the opportunity to review the RFC statement from the plaintiff's treating physician, which significantly contradicts Dr. Lorenzo's conclusions, there

---

[5] Of course, Dr. Klufas' RFC statement, which significantly contradicts Dr. Lorenzo's conclusions, had not been obtained at this point.

is a reasonable probability that the ALJ would have come to a different conclusion regarding the plaintiff's credibility and residual functional capacity. Accordingly, there is a reasonable probability that Dr. Klufas' RFC statement, when considered alone or with the other evidence of record, would change the ultimate outcome in this case.

### ii. Unusual, Unexpected or Unavoidable Circumstances Beyond the Plaintiff's Control

In order for the Board to accept Dr. Klufas' RFC statement, the plaintiff must also demonstrate that "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [the Plaintiff's] control prevented [him] from submitting the evidence earlier." 20 C.F.R. §405.373(b)(3).[6] At the conclusion of the hearing, the ALJ allowed the administrative record to remain open until March 5, 2010 for the submission of additional evidence. (Tr. 73-75). In particular, plaintiff's counsel indicated that he was awaiting the return of the RFC statement from the plaintiff's primary care physician. (Tr. 46). The discussion on the record was as follows:

```
ALJ:   Okay, so Counsel we're going to leave this
       record open, correct?
ATTY:  Yes.
ALJ:   In order to –
ATTY:  I'll see if I can get it, I –
ALJ:   -- okay, well let's do this.  Let's start --
       we'll start slow and we'll work our way -- so
```

---
[6] While alternative avenues for acceptance of new evidence exist under 20 C.F.R. §405.373(b)(1)and(2), they do not apply to the facts in this case.

>           we'll leave the record open until March 5, and
>           if you receive anything, please submit it.  If
>           you do not and you think it's coming and you
>           think you just need a little more time –
> ATTY:     Let you know.
> ALJ:      -- then just let us know and I will grant you
>           more time if it's reasonable to get those
>           things.  I would like to see them, especially
>           the RFC if it's from someone who's actually
>           examined him.

(Tr. 73-74).

The record reveals that plaintiff's counsel timely requested the form, not only from Dr. Klufas, but also from the plaintiff's orthopedist, Dr. Schlein. (Tr. 20-22). On March 8, 2010, shortly after the March 5, 2010 deadline had passed, plaintiff's counsel requested, and received, an extension of time from the ALJ until March 26, 2010 to obtain the RFC statement from Dr. Klufas and to submit the results of a magnetic resonance imaging (MRI) exam that the plaintiff was having extreme difficulty scheduling with Dr. Schlein.[7] (Tr. 27, 222-223). On April 9, 2010, plaintiff's counsel again corresponded with the ALJ, informing him that the plaintiff was continuing to have difficulty scheduling the MRI, and that he would contact the ALJ as soon as the MRI is scheduled. As the ALJ and the Board point out, the April 9, 2010 letter from plaintiff's counsel did not specifically request

---

[7] The difficulty in scheduling the MRI appears to be a combination of factors outside the control of the plaintiff, including Dr. Schlein's vacation schedule, the plaintiff's need to be sedated with anesthesia during the MRI due to claustrophobia, and a delay or misunderstanding between Dr. Schlein and Dr. Klufas regarding the latter's approval of the sedation. (Tr. 223-225).

another extension of time to submit the RFC statement from Dr. Klufas (Tr. 224).

On April 27, 2010, without having received the RFC statement from Dr. Klufas or the results of the MRI, the ALJ issued his decision finding the plaintiff "not disabled." (Tr. 24-39). As plaintiff's counsel stated in his May 13, 2010 letter to the Board, in which he attached the recently received RFC statement from Dr. Klufas, "Counsel assumed, with the outstanding RFC form and the pending MRI, the ALJ would wait for the RFC form and the results of the MRI before issuing a decision or at least give a day on which the record would be closed since he was aware of the problems securing additional documentation." (Tr. 8). Given the circumstances outlined above, including the ALJ's statements regarding his interest in having the opportunity to review a RFC from a treating source and willingness to grant additional time if plaintiff's counsel "just let[s] us know" of the need, the Court finds plaintiff's counsel's assumption to be plausible, albeit misplaced. Nevertheless, the Court finds it improper to lay the blame for this miscalculation at the feet of the plaintiff. In the same vein, Dr. Klufas' delay in completing the RFC form should not be imputed to the plaintiff, as he was undoubtedly at the mercy of his doctor. Thus, in light of the circumstances outlined above, including a lack of dilatory

conduct on the part of the plaintiff, the Court finds that the plaintiff satisfied his obligation under 20 C.F.R. §405.373(b)(3) to show that "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [the Plaintiff's] control prevented [him] from submitting the evidence earlier."

Accordingly, given the beneficent and remedial purposes of the Social Security Act, the Court fins that the RFC statement completed by Dr. Klufas satisfied the regulatory criteria for consideration as part of the administrative record under 20 C.F.R. §§ 405.430 and 405.373(b). See <u>Cutler v. Weinberger</u>, 516 F.2d 1282, 1285 (2d Cir. 1975). ("[C]ourts have not hesitated to remand for the taking of additional evidence, on good cause shown, where relevant, probative, and available evidence was either not before the Secretary or was not explicitly weighted and considered by him, although such consideration was necessary to a just determination of the claimant's application.")(citations omitted).

**V. CONCLUSION**

For the reasons set forth herein, this matter must be remanded to the Commissioner for consideration of additional evidence material to the plaintiff's application for benefits. Therefore, the plaintiff's motion **(Dkt. #9)** should be **GRANTED** to the extent it seeks remand for a further proceedings before the

-17-

ALJ.  On remand, the ALJ shall give proper consideration to Dr. Klufas' RFC statement with respect to, *inter alia*, a revised analysis of the plaintiff's credibility and residual functional capacity.  The plaintiff's motion should be **DENIED** to the extent it seeks an order reversing the decision of the Commissioner.  The defendant's motion for an order affirming the decision of the Commissioner **(Dkt. #12)** should be **DENIED**.  28 U.S.C. § 636(b)(1)(A).

The defendant may timely seek review of this recommended ruling in accordance with Rule 72(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 72(b).  Failure to do so may bar further review.  28 U.S.C. § 636(b)(1)(B); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**Dated at Hartford, Connecticut this   4  th day of October, 2011.**

> **/s/ Thomas P. Smith**
> **THOMAS P. SMITH**
> **UNITED STATES MAGISTRATE JUDGE**